IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 DEC 27 P 2: 01

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| CARROLL W. PUCKETT, | : | |
| | : | |
| PLAINTIFF, | : | |
| V. | : | CIVIL ACTION NO. 2:06cv-1148-WKW |
| | : | |
| | : | |
| McPHILLIPS SHINBAUM, LLP; | : | JURY DEMAND REQUESTED |
| JULIAN McPHILLIPS; KENNETH | : | |
| SHINBAUM; & AMELIA STRICKLAND | : | |
| | : | |
| DEFENDANTS. | : | |

## COMPLAINT

### A. JURISDICTION

1.     Comes now the Plaintiff,  Carroll W. Puckett, (hereinafter referred to as "Plaintiff Puckett"), and by and through his counsel, files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court pursuant to applicable laws under 28 U.S.C. § 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the **Civil Rights Act of 1964,** as amended, (42 U.S.C. § 2000 (e) et seq.), the 1991 Civil Rights Act, 42 U.S.C. 1981, 1981a; Age Discrimination in Employment Act (ADEA) of 1967, as amended, 29 USC Sec. 621 et. seq., 29 USC Sec. 623, (ADA) Americans with Disability Act, 42 USC Section 12101, et. seq., Alabama's Age Discrimination Act of 1997, Sections 25-1-20-29, Code of Alabama to provide injunctive relief,  the costs of suit, including reasonable attorneys fees, back pay, compensatory and

punitive damages, and all other or different relief the Court may deem appropriate and necessary.

2.    Plaintiff Puckett filed a  charge of age, sex,  national origin, and disability (ADA) discrimination, Charge No. 420 2006 03901 on July 17, 2006 (See copy of discrimination attached hereto and marked as Exhibit "A" ),  a second Charge No. 420 2007 00059 filed on Sept. 29, 2006 for a hostile work environment and retaliation discrimination (See copy of said discrimination attached hereto and marked as Exhibit "B") with the Equal Employment Opportunity Commission, ("EEOC"), Birmingham District Office,  against McPhillips Shinbaum, LLP.   On September 28, 2006, (See  copy of the EEOC's  Dismissal and Notice of Rights  issued  to Plaintiff for charge No.#420 2006 03901 and received on October 3, 2006,  Exhibit "C").  On December 15, 2006, (See copy of the EEOC a Dismissal and Notice of Rights issued to Plaintiff for Charge No. 420 2006 00059 and was  received on  December 18, 2006, Exhibit "D").

3.    The unlawful employment practices which are alleged herein were committed in the County of Montgomery, the City of Montgomery, which is in the Middle District of Alabama. Since Defendants' place of business is located in Montgomery, Alabama, venue is also appropriate in the Middle District of Alabama, Northern Division.

## B. PARTIES

4.    Plaintiff Puckett is over the age of forty (40) years, and at all times relevant hereto, has been a citizen of the United States of America and a resident at 2527 Montreat Drive, Montgomery, AL 36116.

---

5.   Defendant McPhillips Shinbaum LLP (hereinafter referred to as "Defendant"), has its primary place of business and agent located at 516 South Perry Street, Montgomery, AL 36104.

6.   Defendant Julian McPhillips (herein after referred to as McPhillips) has his primary place of business and agent located at 516 South Perry Street, Montgomery, AL 36104 and a resident at 831 Felder Avenue,  Montgomery, Alabama 36106.

7. Defendant Kenneth Shinbaum (herein after referred to as Shinbaum)  has his primary place of business and agent located at 516 South Perry Street, Montgomery, AL 36104 and a resident at 8561 Harbinger Court, Montgomery, Alabama 36117.

8.   Defendant Amelia Strickland (herein after referred to as Strickland)  has her primary place of business and agent located at 516 South Perry Street, Montgomery, AL 36104 and a resident at 6209 Chappelle Lane, Montgomery, Alabama 36117.


## C. STATEMENT OF FACTS


9.   Plaintiff Puckett a Caucasian male, who is 72 years old and  resides  at 2527 Montreat Drive, Montgomery, AL 36116 was discriminated against by the Defendants.

10.   Plaintiff Puckett avers that he was an employee of Defendant,  and McPhillips designated  his  title as senior legal assistant with a law degree and other duties such as, accounting services,  real estate purchaser  and manager of  real  properties  for McPhillips, personal financial advisor to McPhillips and his law firm,     tax preparer for McPhillips,  along with additional legal duties including secretarial services, furnishing

my own equipment and supplies.

Plaintiff avers that he worked for McPhillips since 1979, when there was only McPhillips and his 16 year old secretary. During those 27 years Plaintiff Puckett avers that he was a faithful, loyal and dedicated employee, who faithfully served and contributed to the financial success of McPhillips and his law firm with dignity and honor. Plaintiff Puckett never received any reprimands or any type of disciplinary actions. However, during the last few months of Plaintiff Puckett's employment there were persons who created a hostile work environment for him. Strickland and Shinbaum (partner), employed by McPhillips and under McPhillips' direction, retaliated against Plaintiff, creating a very hostile work environment for Plaintiff Puckett, resulting in the termination of Plaintiff.

11. Plaintiff Puckett was subjected to discriminatory remarks, epithets, jokes, ridicule, disparate treatment, etc.

12. Plaintiff Puckett avers that a material fact (that he would be employed with McPhillips law firm as long as he wanted to) was made willfully to deceive Plaintiff Puckett in which Plaintiff relied upon such fraudulent and misrepresentation continuously for almost thirty years and was damaged tremendously.

13. Plaintiff avers that he was subjected to defamation of character made by the Defendants, which was published or spoken.

14. Plaintiff Puckett avers that the retaliation towards him by the Defendants was effected with the design, intent and purpose of subjecting Plaintiff to a hostile work environment, such as, Senior Partner Shinbaum embarrassing Plaintiff Puckett in front of potential clients, removing Plaintiff Puckett's name plate off the entrance to his main office door, removing client files from Plaintiff Puckett's office under the guise of re-

organizing same without informing him or without his permission, removing client files of

Plaintiff Puckett's office and giving same to lawyers with out consulting with him as had

been the practice for 27 years.   Plaintiff personally paid for painting walls, trim and

ceiling tiles when he moved into the office.  Plaintiff Puckett later paid to have fabric and

textile wall-covering installed on walls in his office.  On September 16, 2004,  rainwater

came through the roof,  and textile wall-covering on walls was left with numerous large

brown water stained areas, including mold and mildew.  Additionally, ceiling tiles in

numerous areas were left with brown water stains.  Clients visiting Puckett's office would

frequently comment on how the walls and ceiling looked.  Puckett claims it was

embarrassing and demeaning.  Puckett requested that repairs be made, but was never

accommodated.  Puckett even assisted by contacting Denson's Paint Center, the supplier

McPhillips uses, and was able to find matching wall-covering, including a quote for

material and labor to replace the damaged area.  During the period of time  between

9/16/04 to Puckett's leaving on 5/31/06, there were offices on all three floors that were

remodeled, but no work was ever done on Puckett's office.  Additionally, McPhillips

collected insurance money to repair the textile wall-covering and ceiling tiles, yet

McPhillips and Strickland elected to not do anything about the damage.  Instead,

McPhillips and Strickland used the insurance money for other expenses. (Note: Terry

Strickland, repairman, said that roof and underlayment were in bad condition before the

9/14/04 storm and McPhillips knew about the inadequacies and had elected not to make

repairs, thus contributing to Puckett's anguish), etc.

15.    Plaintiff  believes that  he was  discriminated against due to his age, sex,

National Origin, and disability,  and his employment was terminated.  Younger individuals

in their twenties,  thirties and early forties, namely, Elizabeth Bern Spear, ( hereafter

referred to as Bern),  hired in July, 2005, as a legal assistant,  Allison Highley, hired in the summer of 2005, as a legal assistant, likewise Jennifer Lee, Page McKee, Sharon Duke, Suzanne Clemens,  Donna Puckett, Amelia Strickland, and Tia Wilkinson, each were classified as legal assistants or paralegals, and were not terminated before me.

16.    Plaintiff Puckett, a Caucasian male who was at the time 70 years old and over the age of 40,  believes  that he was discriminated against and terminated, due to sex discrimination and age discrimination, inasmuch as females, namely, Allison Highley, hired as a legal assistant during the summer of 2005, likewise Jennifer Lee, Page McKee, Sharon Duke, Suzanne Clemens, Donna Puckett, Amelia Strickland, Tia Wilkinson and Patricia Williams, each were female legal assistants or paralegals and all younger than Plaintiff.

17.    Plaintiff Puckett, a Caucasian American male, avers that Senior Partner, Shinbaum, of Jewish descent, with the concurrence of McPhillips, hired Bern  of Jewish descent, who had not passed the bar at the time  to replace Plaintiff and take Worker's Compensation cases performed by Plaintiff for the law firm.

18.    Plaintiff avers that Bern said that she knew nothing about the Worker's Compensation practice.

19.    Plaintiff avers that he was instructed by McPhillips to train Bern  while Shinbaum had Plaintiff to turn over cases to Bern, thus, removing Plaintiff's job duties on Worker's Compensation cases, while preparing to terminate Plaintiff at the same time.

20.    Plaintiff also avers that Defendant Strickland a female, like Bern, began to intercept and control all of Plaintiff's Workers's Compensation cases, not allowing Plaintiff to assist on any of these cases.  Defendants Strickland, Shinbaum and McPhillips removed all  Worker's Compensation cases from Plaintiff, giving the cases to either the

Jewish female Bern or Shinbaum.  Bern was under the  supervision of Jewish, Senior

Partner, Shinbaum.

21.  Plaintiff Puckett avers that after having a kidney removed in 2002, a  stroke in

2003, being hospitalized in September,2004 and again in December, 2004 the changes

in his employment began.

22.  Plaintiff Puckett avers that he was diagnosed with prostate cancer in 2005,

however, Plaintiff continued to perform and go beyond his job duties at Defendant's law

firm and  took off less time than many who were not disabled.

23.  Plaintiff Puckett avers that nonetheless, the Defendants began to remove the

remainder of Plaintiff Puckett's cases giving them to lawyers and legal assistants in

Defendant's law firm.  Not only did Defendants remove all case files from Plaintiff's

office but he was not allowed to see any new clients coming to Defendants law firm.

Defendants set up a control over potential clients coming or calling for legal services and

made sure that none of these potential clients were allowed to make contact with Plaintiff.

Further Defendants  continued to make comments about Plaintiff's health, legal education

ability and age as well make jokes.

24.  Plaintiff Puckett avers that he was subjected to age, sex, national origin, disability

(ADA),  hostile work environment, retaliation discrimination and defamation of character

by Defendants  with the intent, and purpose of denying his employment.  Plaintiff further

avers that said discrimination is  in violation of Title VII of the Civil Rights Laws and all

amendments thereto.

25.    Plaintiff Puckett further avers that Defendants discrimination as alleged in

paragraph against him was willful and/or wanton and/or malicious, and that a doubling of

the damages is appropriate.

## PLAINTIFF PUCKETT'S CAUSES OF ACTION

### COUNT I:
### AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, as amended, 29 USC § 621 et.seq., 29 USC § 623 and the Alabama Age Discrimination Act of 1997, Code of Alabama, Sections 25-1-20-29

26.     Plaintiff Puckett repeats, re-alleges, and incorporates by reference paragraphs 1-25, above and further avers that his denial of promotion and job advancement was effected with the design, intent, and purpose of denying him a position because of his age.

27.     Plaintiff Puckett avers that he has been damaged by the age discrimination practiced by the Defendant's termination of Plaintiff,   and that said age discrimination is in violation of 29 U.S.C. Section 621, et seq. and 29 U.S.C. Section 623 et seq. And Alabama's Age Discrimination Act of 1977, Code of Alabama Sections 25-1-20-29.

28.     Plaintiff Puckett also avers that Defendants' age discrimination against him was willful and/or wanton and/or malicious, and that a doubling of the damages is appropriate.   WHEREFORE, premises considered, Plaintiff Puckett respectfully prays that this Honorable Court will take jurisdiction of this case and grant the following relief:

a)     A judgment declaring that Plaintiff Puckett was discriminated against by the Defendants due to his age;

b)     An injunction requiring that Defendants provide Plaintiff Puckett with back pay retroactive to the present  date;

c)     An injunction requiring Defendant to grant Plaintiff Puckett all employment benefits and other rights to which he would have been entitled, had he not been a victim of age discrimination.

d)     A judgment awarding Plaintiff Puckett all back pay and benefits he would have received, but for the discriminatory practices, and a doubling of the damages for back pay and benefits in the event this Court finds the age discrimination was willful;

e)     An award of court costs and reasonable attorney's fee; and

f)     Such further, other or different relief, as the Court may deem appropriate and necessary.

## PLAINTIFF PUCKETT'S CAUSES OF ACTION

### COUNT II:

### SEX DISCRIMINATION IN VIOLATION OF, Title VII of the Civil Rights Act of 1991, Sec. 102, as amended in 43 U.S.C.A. Section 1981a

29.  Plaintiff Puckett repeats, re-alleges, and incorporates by reference paragraphs 1-28 above and further avers that the sex discrimination by the Defendants was affected with the design, intent and purpose of removing him from his employment with Defendant, due to his male sex.  Plaintiff Puckett also avers that the personnel actions taken against him violated Plaintiff's right to be free of sex discrimination in employment in violation of Title VII of the Civil Rights Act of 1991, Sec. 102, as amended in 42 U.S.C.A. Section 1981a.

30.   Plaintiff Puckett avers that he has pursued and exhausted his administrative remedies.

31. Plaintiff Puckett avers that he has lost income and benefits and suffered mental anguish as a result of Defendant's wrongful actions towards him.

32. Plaintiff Puckett also avers that Defendant's action against him were willful and wanton and that therefore an award of punitive damages is appropriate.

WHEREFORE, premises considered, Plaintiff Puckett respectfully prays that this Honorable Court will take jurisdiction of this case and grant the following relief:

a)  A judgment declaring that Plaintiff Puckett was discriminated against by the Defendants due to his male sex;

b)  An injunction requiring Defendants to grant Plaintiff Puckett all employment benefits and other rights to which he may be entitled, had he not been a victim of sex discrimination.

c)  A judgment awarding Plaintiff Puckett such compensatory and punitive damages as this Court may deem just and proper under the facts and circumstances of this case;

d)  An award of all court costs and reasonable attorney fees; and

e)  Such further, other or different relief, as the Court may deem appropriate and necessary.

## COUNT III

### HOSTILE WORK ENVIRONMENT IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEC. 704(a).
### as amended in 42. U.S.C.A. Sec. 2000(e) et seq.

33. Plaintiff Puckett repeats, re-alleges, and incorporated by reference paragraphs 1-32 above, and further avers that the retaliation towards him by the Defendant was

effected with the design, intent, and purpose of subjecting Plaintiff Puckett to a hostile work environment.

34.   Plaintiff Puckett also avers that he has pursued his administrative remedies.

35.  Plaintiff Puckett avers that he has lost income and benefits and suffered mental anguish as a result of Defendant's actions against him were willful and wanton, such that an award of punitive damages is appropriate.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Puckett respectfully prays that this Court grant the following relief;

a)  A judgment declaring that Plaintiff Puckett was subjected to a hostile work environment by the Defendants.

b)   A judgment awarding Plaintiff Puckett such compensatory and punitive damages to which he may be entitled;

c  A judgment restoring all other benefits that would have been available to Plaintiff Puckett, had this retaliation not occurred.

d)   A judgment awarding Plaintiff Puckett his costs in this action, including reasonable attorney's fees; and

e)   A judgment granting Plaintiff Puckett such other, further, and different relief to which he may be entitled.

**COUNT IV**
**NATIONAL ORIGIN  DISCRIMINATION IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended**
**SECTION 2000(e), et seq.**
**And the 1991 Civil Rights Act, 42 U.S.C. Sec. 1981a, 42 U.S.C. Sec. 1981.**

36.  Plaintiff Puckett repeats, re-alleges, and incorporates by reference paragraphs 1-35 above and further avers that his treatment by the Defendants was effected with the design, intent and purpose of forcing Plaintiff Puckett's termination due to National Origin Discrimination.

37.  Plaintiff Puckett avers that the personnel actions taken against him violated his right to be free of National Origin Discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C.A.  Section 2000(e) et seq.  and the 1991 Civil Rights Act, 42 U.S.C. Sec. 1981a, 42 U.S.C. Sec. 1981.

38.    Plaintiff Puckett avers that he has pursued and exhausted all of his administrative remedies.

39.   Plaintiff Puckett avers that he has lost income and benefits, and suffered mental anguish, as a result of Defendant Shinbaum's wrongful actions toward him.  As a direct and proximate result of Defendant Shinbaum's actions, Plaintiff has incurred, and will continue to incur, legal fees and cost, the full and extent of which are presently unknown to him.  Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff requests that attorneys's fees also be awarded.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Puckett respectfully prays that this Court grants him the following relief:

a)    A judgment declaring that Plaintiff Puckett was discriminated against by the Defendant Shinbaum, due to his National Origin.

b)      An injunction requiring that Defendants grant Plaintiff  Puckett all

employment benefits and other rights to which he may have been entitled,

had he not been a victim of National Origin Discrimination.

c)      A judgment awarding Plaintiff Puckett compensatory and punitive damages,

including damages for mental anguish, which this Court may deem just and

proper under the facts and circumstances of this case;

d)      An award of all court costs and reasonable attorneys' fees, including those

incurred for seeking administrative relief; and

e)      Such further, other or different relief, as the Court may deem appropriate and

necessary.

## COUNT V

### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEC. 704(a).
### as amended in 42. U.S.C.A. Sec. 2000(e) et seq.

40.   Plaintiff Puckett repeats, re-alleges, and incorporates by reference paragraphs

1-39 above, and further avers that the retaliation towards him by the Defendants was

effected with the design, intent, and purpose of  retaliating against Plaintiff  due to him

reporting discrimination and because of his age, sex  and National Origin.

41.   Plaintiff Puckett also avers that he has pursued his administrative remedies.

Plaintiff Puckett avers that he has lost income and benefits and suffered mental anguish

as a result of Defendants'  wrongful actions toward him.

42.   Plaintiff Puckett also avers that Defendants'  actions against him were willful

and wanton, such that an award of punitive damages is appropriate.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Puckett respectfully prays that the Court grants the following relief;

    a)      A judgment declaring that Plaintiff Puckett was retaliated against by the Defendants due to the Plaintiff reporting discrimination.

    b)      An injunction restraining the Defendant from further retaliation against Plaintiff Puckett.

    c)      A judgment awarding plaintiff Puckett such compensatory and punitive damages to which he may be entitled;

    d)      A judgment restoring all other benefits that would have been available to Plaintiff Puckett, had this retaliation not occurred.

    e)      A judgment awarding Plaintiff Puckett his costs in this action, including reasonable attorney's fees; and

    f)      A judgment granting Plaintiff Puckett such other, further, and different relief to which he may be entitled.

## COUNT VI

## THE AMERICANS WITH DISABILITIES ACT (ADA),
## 42 USC Section 12101 et. seq.

43.  Plaintiff Puckett repeats, re-alleges, and incorporates by reference paragraphs 1-42 above and further avers that his treatment by the Defendants was effected with the design, intent and purpose of forcing Plaintiff Puckett to be terminated from his employment due to disability discrimination.

44.     Plaintiff Puckett avers that the personnel actions taken against him violated his right to be free of disability discrimination in employment, in violation of The Americans With Disabilities Act (ADA), 42 USC Section 12101 et. seq.

45.     Plaintiff Puckett avers that he has pursued and exhausted all of his administrative remedies.

46.     Plaintiff Puckett avers that he has lost income and benefits, and suffered mental anguish, as a result of Defendants' wrongful actions toward him.  As a direct and proximate result of Defendants' actions, Plaintiff has been compelled to retain the services of counsel and will continue to incur, legal fees and cost, the full nature and extent of which are presently unknown to him.  Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff requests that attorneys' fees also be awarded.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Puckett respectfully prays that this Court grants him the following relief:

a)      A judgment declaring that Plaintiff Puckett was discriminated against by the Defendants, due to his disability;

b)      An injunction requiring that Defendants grant Plaintiff Puckett all employment benefits and other rights to which he may have been entitled, had he not been a victim of disability discrimination;

c)    A judgment awarding Plaintiff Puckett compensatory and punitive damages, including damages for mental anguish, which this Court may deem just and proper under the facts and circumstances of this case;

s)    An award of all court costs and reasonable attorneys; fees, including those incurred for seeking administrative relief; and

t)    Such further, other or different relief, as the Court may deem appropriate and necessary.

## STATE CAUSES OF ACTION

### COUNT VII

### FRAUD, CODE OF ALABAMA SECTION 6-5-101

47.  Plaintiff Puckett repeats, re-alleges, and incorporates by reference paragraphs 1-46 above and further avers that the fraudulent misrepresentation was effected with the design, intent, and purpose of denying him an opportunity to retire, to gain economically, and to damage Plaintiff financially.

48.    Plaintiff Puckett avers that he has been damaged by the fraudulent misrepresentation and that said fraud is in violation of the Code of Alabama Section 6-5-101 et seq.

WHEREFORE, premises considered Plaintiff demands judgment against Defendants for such amount of actual, compensatory and punitive damages as a jury deems just and reasonable to punish the Defendants for the harm done to Plaintiff Puckett

and to prevent said Defendants and other similarly situated person(s) from committing similar wrongs within the borders of the State of Alabama, but in the sum of not less than One Hundred Thousand ($100,000.00) Dollars.

## COUNT VIII

## DEFAMATION, CODE OF ALABAMA, SECTION 6-5-182

49.  Plaintiff Puckett repeats, re-alleges, and incorporates by reference paragraphs 1-48 above and further avers that Defendants with the design, intent and purpose of destroying Plaintiff's reputation and professional ability while keeping him from gaining financially.

WHEREFORE, premises considered Plaintiff demands judgment against Defendants for such amount of actual, compensatory and punitive damages as a jury deems just and reasonable to punish the Defendants for the harm done to Plaintiff Puckett and to prevent said Defendants and other similarly situated person(s) from committing similar wrongs within the borders of the State of Alabama, but in the sum of not less than One Hundred Thousand ($100,000.00) Dollars.

Respectfully submitted this _27_ day of _DEC._, 2006.

_Carroll W. Puckett_
Carroll W. Puckett

_George E. Jones, III, Esq._
George E. Jones, III, Esq.
Ala. Bar I.D. No. ASB-9546-S82G

OF COUNSEL:
GEORGE E. JONES, III
711 ALABAMA AVENUE
SELMA, ALABAMA 36701
(334) 874-6618

**A jury trial is requested on all issues so triable**

_____
Of Counsel

# Exhibit A

# CHARGE OF DISCRIMINATION

▸This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 420-2006-03901 |

_____ and EEOC

*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Carroll W. Puckett | (334) 288-1461 or (334) 262-2909 Office |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 2527 Montreat Drive, | Montgomery, Alabama 36116-3029 | 06-10-1934 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| McPhillips Shinbaum, LLP | Over 15 | (334) 262-1911 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 516 South Perry Street, | Montgomery, Alabama 36104 | Montgomery |

| NAME   Julian L, McPhillips, Kenneth Shinbaum, Amelia (Amy) Strickland | TELEPHONE NUMBER *(Include Area Code)* (334) 262-1911 |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 516 South Perry Street, | Montgomery, Alabama 36104 | Montgomery |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☒ AGE
☐ RETALIATION  ☒ NATIONAL ☒ DISABILITY  ☐ OTHER *(Specify)*
ORIGIN

DATE DISCRIMINATION TOOK PLACE
EARLIEST *(ADEA/EPA)*     LATEST *(ALL)*
June 25, 2003        April 28,06
2-2-06

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

SEE ATTACHED "AFFIDAVIT WHICH IS A PART OF THIS CHARGE,

FIVE PAGES.

RECEIVED
JUL 17 2006
E.E.O.C.
BIRMINGHAM DISTRICT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures. | NOTARY - *(When necessary for State and Local Requirements)* |
|---|---|
| | *Sonya Bowman* |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
|---|---|
| *Carroll W. Puckett* | *Carroll W. Puckett* |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Day, month, and year)* |
| Date July 13, 2006   Charging Party *(Signature)* | 13, 07, 2006 |

EEOC FORM 5 (Test 10/94)

EXHIBIT "A"
Pages 1 through 6

# AFFIDAVIT

**STATE OF ALABAMA**

**COUNTY OF MONTGOMERY**



My name is Carroll W. Puckett, and do solemnly affirm that the following facts are true and correct in every particular:

1. I am a resident of Montgomery County, Alabama, and reside at 2527 Montreat Drive, Montgomery, Alabama 36116-3029.

2. I am a white male, age 72 and was employed by Julian L. McPhillips, Jr. (hereinafter referred to as McPhillips) and his law firms by various names, the most recent, namely, McPhillips Shinbaum, LLP, from 1979 to May 31, 2006.

3. I believe that I am the victim of Age Discrimination in violation of the Age Discrimination in Employment Act, 1990. I believe that I am a victim of National Origin Discrimination in violation of the 1964 Civil Rights Act under Title VII. I further believe that I am a victim of Sex Discrimination in violation of the 1964 Civil Rights Act under Title VII. I also believe that I am a victim of Disability Discrimination in violation of the Americans with Disabilities Act.

4. Since having a stroke June 24, 2003, many times, either my wife or I have been asked by the office manager Amy Strickland (hereinafter referred to as Strickland) or the managing senior partner McPhillips, when was I going to retire, especially within the past six (6) months of my employment.

5. Beginning the first part of February, 2006, the office manager Amy Strickland in concert with two of the senior partners McPhillips and Kenneth Shinbaum began to come to my office and

take clients files that I had the responsibility to work on, and build up to get it ready to settle or go to trial. Strickland took my files that I was handling for the firm and under the guise of helping me get these files better organized and to help me. However, she took several files from my office, involving auto accidents, and prematurely gave them principally to attorney Aaron Luck and some to attorney James Bodin. She told me later that they were low on cases and had time to work these cases.

6. Kenneth Shinbaum, senior partner, with the concurrence of McPhillips, hired Elizabeth Bern Spear (hereinafter referred to as Bern) in 2005. At the time Bern was hired she was not an attorney, but was to take the bar exam in July 2005. She passed the bar and was notified in late September, 2005. Almost immediately I was directed by McPhillips to train Bern in the cases pertaining to Workers' Compensation. McPhillips informed me that she would be working principally on Workers' Compensation cases. I spent a considerable amount of time in training her in Workers' Compensation. I began to give or transfer cases to Bern to handle with my assistance. However, as time went on, in February, 2006 and thereafter, I was not given any new cases in Workers' Compensation or any other new cases. All of the new cases were controlled by the office manager Strickland with none given to me. The only new cases I received were those persons who either called me directly or came to see me personally.

7. Beginning the first of March, 2006, office manager Strickland placed me on a weekly reporting to her as to every contact I made on every case I was working on and what work was done. This continued until the end of April, 2006, by which time all of my cases I was handling for the firm had been transferred to others in the firm either by office manager Strickland or senior partner Shinbaum. All my Workers' Compensation cases were taken by senior partner Shinbaum or his new attorney Bern. The balance of my case load was distributed to attorneys or legal assistants

by the last of April, 2006,  In February, 2006, I had 73 cases that I was working and building to closure.

8 a.  On April 27, 2006, I received a  request from Julian McPhillips to come to his office. When I arrived at his office, senior partner Shinbaum was present. Managing senior partner McPhillips talked about the firms' business slow down and how difficult it was to meet the expenses. I recommended a solution to his problem, (his problem was, ' not having enough money in the bank each week to meet the payroll, pay the taxes due, and pay all of overhead expenses). I suggested that he pay all the overhead expenses, pay salaries of support personnel and, with what was  left over, pay the partners a draw based on their proportionate share of what was left in the account each week. The McPhillips Shinbaum, LLP problem described above is nothing new. I have heard this ever since I have been with the firm.    I quote from an    "April 30, 2001 Memorandum from Julian L. McPhillips, Jr.–RE: MONEY, MONEY, MONEY  – Well, another memo about money.  We are borrowing further against our credit line to pay bills.  This is unacceptable.  **Please advise Amy immediately as to what monies you have coming in this week. And please advise Julian as to your efforts to locate and bring in new business and clients.  The past month of April was really off. Money doesn't grow on trees. We need to be shaking the trees harder, and bringing in new seed and new fruit.**  Thank you!"

8 b.  My case load has always been 70 to 100 cases ever since I have been with the firm.  I never had a slow down in cases and was always busy.  In my opinion, the reasons several at the firm are having problems with getting clients and keeping clients are: (1) They only want to take clients who have perfect or almost perfect cases, yet I have never seen a perfect case.  (2) Before taking a case or keeping a case they have to be convinced that the case will produce "big bucks" in legal fees. (3) The firm has gotten away from being the "Peoples lawyer".

8 c.  This meeting was designed to fire me. The only other suggestion was made by Shinbaum, who said to give it another two weeks or a month to see how things were going. There was no indication at all that we were having a "termination meeting for me. The meeting ended. The next day, McPhillips put a memo in my box stating–"First, please know the words are totally inadequate to express the high level of my appreciation for your friendship and professional assistance over the years. I am most grateful, and you should know that. I will always remain so.

This is to confirm the communication Kenneth and I had with you, Carroll, yesterday that, because of a reduction of the firm's business and a reduction in what you are doing for the firm, " (The reason my work was lessened was because McPhillips, Shinbaum and Strickland took all my cases away and gave them to others who did not have much to do, (CWP) "this firm needs to pair down its expenses of operation, and therefore your services are no longer needed."— "Please know that this action was only taken after consultation with the other partners in the law firm, and that the action breaks my heart. I apologize for the necessity of this action." Said letter was a complete shock to me.  I believe that this action was recommended by Strickland,  a non-lawyer and accepted by Mc Phillips, Shinbaum and Julian's wife Leslie, who has the power-of-attorney of Julian L. McPhillips, Jr.'s assets.

9.  My job was that of the Senior Legal Assistant with a law degree, J. D. I was the **only male** legal assistant that was terminated on April 28, 2006.  Amy Strickland claimed to be a legal assistant or paralegal but had no CLA certificate that I am aware of.  There were approximately eight other females who claimed to be legal assistants but only one has a CLA certificate and one has a law degree. **All are younger than age 40 except one** and **all are females** with **less legal experience and legal knowledge than I have as to what needs to be done in a law practice.**  Yet **I was the only legal assistant to be terminated out of a total of ten (10).** This **appears to be a**

clear case of age discrimination, sex discrimination and disability discrimination.

10. Shinbaum, senior partner of the firm, is Jewish and a leader in the Jewish synagogue. Bern is Jewish and a fine young lady. Shinbaum arranged for and contended for her being hired by the firm. I believe it was the decision of Shinbaum to eventually replace me with Bern in doing work on Workers' Compensation cases. After February, 2006, Shinbaum saw to it that I could not and would not make any decisions pertaining to Workers' Compensation cases. The cases that were transferred to Bern, I was not permitted to have anything else to do with them. I believe that this is a case of **National Origin Discrimination by Shinbaum and by the law firm.**

_Carroll W. Puckett_
Carroll W. Puckett

Before me, the undersigned Notary Public, appeared Carroll W. Puckett, known to me, after being duly sworn, did state and affirm that the foregoing facts are true and correct in every particular, on this the ____ day of July, 2006.

_Notary signature_
Notary Public

# Exhibit B

AMENDED EEOC  IF  FILED ON JULY 13, 2006, CH  3I  420-2006-03901

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY<br>[ ] FEPA<br>[X] EEOC | CHARGE NUMBER<br>*420 200700059* |
|---|---|---|

|  | State or local Agency, if any | and EEOC |
|---|---|---|

| NAME (indicate Mr., Ms., Mrs.)<br>Mr. Carroll W. Puckett  SS#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 | HOME TELEPHONE (include area code)<br>(334) 288-1461 |
|---|---|

| STREET ADDRESS<br>2527 Montreat Drive | CITY, STATE AND ZIP CODE<br>Montgomery, Alabama  35116 | DATE OF BIRTH<br>09-26-2006 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>McPhillips Shinbaum LLP | NUMBER OF EMPLOYEES, MEMBERS<br>Over 15 | TELEPHONE (Include Area Code)<br>(334) 262-1911 |
|---|---|---|

| STREET ADDRESS<br>516 South Perry Street | CITY, STATE AND ZIP CODE<br>Montgomery, Alabama 36104 | COUNTY<br>Montgomery |
|---|---|---|

| NAME  Julian McPhillips,  Kenneth Shinbaum,<br>and Amy Strickland | TELEPHONE NUMBER (Include Area Code)<br>(334) 262-1911 |
|---|---|

| STREET ADDRESS<br>516 South Perry Street, | CITY, STATE AND ZIP CODE<br>Montgomery, Alabama 36104 | COUNTY<br>Montgomery |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))<br><br>[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] AGE<br>[X] RETALIATION  [ ] NATIONAL  [ ] DISABILITY  [X] OTHER (Specify) HOSTILE<br>ORIGIN  WORK ENVIRONMENT | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST (ADEA/EPA)  LATEST (ALL)<br>02-15-2006  04-28-2006<br>[ ] CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe that I was a victim of Retaliation Discrimination in violation of the 1964 Civil Rights Act under Title VII, as amended, for the following reasons: (1) On February 15, 2006, after I was asked for my case list, I begin to be suspicious of what Amy Strickland, Julian McPhillips and Kenneth Shinbaum were up to doing. My office was entered without my permission and files that I was working on were removed and taken to Amy Strickland's office. I learned later that the files had been gone through and an effort had been made to re-organize them. (2) Then certain of my files were turned over to certain lawyers in the firm to take over and handle completely. (3) The remaining files were returned to my office and I was informed that I had to make weekly reports to Amy Strickland as to what was being done on each file each week. I had neverdone this before nor was any other legal assistant in the law firm being required to do so. (4) Then all of my files were taken from me in April and turned over to various lawyers in the firm. Furthermore, from February until May 31, 2006, I was not given any new cases to work. I was isolated, harassed, name tag removed from my office entrance. The work environment was hostile, mean spirited, and finally on April 28, 2006, I was terminated effective 05-31-06.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if i change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. RECEIVED | NOTARY— (When necessary for State and Local Requirements)<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>SEP 2 9 2006<br><br>*Carroll W. Puckett*<br>Date  09-26-2006  Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br>*Carroll W. Puckett*<br><br>SUBSCRIBED AND SWORN TO BEFORE ME ON THIS DATE<br>(DAY, MONTH, AND YEAR)<br>26-09-2006 |

EEOC FORM 5 (Test 10/94)

EXHIBIT "B"

# Exhibit C

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

---

### DISMISSAL AND NOTICE OF RIGHTS

---

| To: | Carroll W. Puckett<br>2527 Montreat Drive<br>Montgomery, AL 36116-3029 | From: | EEOC<br>1130 - 22nd Street, South<br>Suite 2000<br>Birmingham, AL 35205 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2006 03901 | Jeanne Walker | (205) 212-2055 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Beverly S. Hinton for*

Bernice Williams-Kimbrough, District Director

**2 8 SEP 2006**

*(Date Mailed)*

Enclosure(s)

cc:

EXHIBIT "C"

# Exhibit D

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

---

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Carroll Puckett**<br>**2527 Montreat Drive**<br>**Montgomery, AL 36166** | From: **EEOC**<br>**1130 - 22nd Street, South**<br>**Suite 2000**<br>**Birmingham, AL 35205** |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420 2006 00059** | **Jeanne Walker** | **(205) 212-2055** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Delner Franklin-Thomas* (signature)

**15 DEC 2006**

Delner Franklin-Thomas, District Director                    *(Date Mailed)*

Enclosure(s)

cc:

EXHIBIT "D"