**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 FEB 27 P 2: 14

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CARROLL W. PUCKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | 2:06-cv-1148-WKW |
| McPHILLIPS SHINBAUM, et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR RECUSAL

COMES NOW THE PLAINTIFF, by and through his undersigned counsel of record, and PURSUANT TO THE PROVISIONS OF 28 U.S.C.A. § 455(a), respectfully moves this Your Honor to recuse himself and divest himself from any further participation in this proceeding upon the grounds enumerated below, which are submitted in good faith and with all due respect to the Court, to the Court's staff, and to opposing counsel.

1.

28 U.S.C.A. § 455(a) provides in pertinent part that, "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

2.

We respectfully submit that Your Honor should recuse himself because one of Your Honor's law clerks, the HONORABLE JOSHUA SEGALL, is the son of the HONORABLE ROBERT D. SEGALL, who represents the DEFENDANTS in this proceeding. Upon information and belief, the undersigned counsel for PLAINTIFF avers that the

HONORABLE JOSHUA SEGALL may be the law clerk who has been assigned by Your Honor to work on this case. Thus, this might reasonably cause an objective observer to question Your Honor's impartiality. Moreover, we submit that this might lead an objective observer, especially a lay observer, to believe that the DEFENDANTS may receive favorable treatment from the Court. The principle is illustrated as follows:

> "Inherent in § 455(a)'s requirement that a judge disqualify himself if his impartiality might reasonably be questioned is the principle that our system of 'justice must satisfy the appearance of justice.' **Offutt v. United States**, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954). 'The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'"

**Parker v. Connors Steel Co.**, 855 F.2d 1510, 1523 (11th Cir. 1998); other citations omitted.

3.

The HONORABLE JOSHUA SEGALL'S employment as one of Your Honor's law clerks was discovered entirely by coincidence by the undersigned counsel on February 20, 2006, when this writer made a telephone call to Your Honor's chambers. On that same date, PLAINTIFF'S response to DEFENDANTS' pending Motion for Summary Judgment was due. This writer had electronically filed a written Motion for Extension of Time to File PLAINTIFF'S Response thereto and this writer then telephoned Your Honor's chambers, to alert the appropriate law clerk that the motion had been electronically filed with the Clerk of the Court on that same date. This writer had spoken with DEFENDANT'S counsel by telephone, the HONORABLE ROBERT D. SEGALL, and he graciously authorized this writer to represent to the Court that DEFENDANTS did not oppose PLAINTIFF'S said request for extension of time.

4.

*The telephone in Your Honor's chambers was answered by Your Honor's secretary/legal assistant. This writer identified himself and stated to Your Honor's secretary that he needed to speak with one of the Court's law clerks about a pending case. She inquired what the style and case number was in order to determine which law clerk this writer should speak with. Once this writer provided that information, the secretary transferred him to the desk of the HONORABLE JOSHUA SEGALL. MR. SEGALL'S voice mail answered the transferred call, and this writer heard a recorded message of MR. SEGALL to the effect of, "this is JOSHUA SEGALL; I am away from mt desk right now but please leave a message." This writer then left a polite message asking Mr. Segall to telephone this writer about the said motion for extension.*

5.

*Within fifteen (15) minutes or so of leaving the said voice mail recording, this writer received a telephone call from another law clerk in Your Honor's chambers who identified herself as "Angela." She asked if she could help this writer and this writer replied that he was seeking a seven (7) day extension, to and including Tuesday, February 27, 2007, to file PLAINTIFF'S response to the DEFENDANTS' pending motion for summary judgment. "Angela" then replied that she would orally present this motion to Your Honor and call back. Within ten (10) minutes or so "Angela" did indeed telephone this writer and she confirmed that she had presented the substance of the said motion and that Your Honor had graciously granted the request for an extension of time. The undersigned counsel was/is indeed grateful for Your Honor's favorable consideration.*

6.

*After much thought and due circumspection as well as some preliminary legal research, this writer has concluded that it is in the best interest of his client to proffer this motion. This writer wishes to represent to the Court that this motion is made in good faith, not merely for purposes of delay, without any disrespect towards Your Honor, and without any malicious intent to disrespect, harass, or embarrass the HONORABLE JOSHUA SEGALL nor the HONORABLE ROBERT SEGALL.*

7.

*The PLAINTIFF feels that should Your Honor refuse to disqualify himself, your impartiality may be open to question under the provisions of § 28 U.S.C.A. § 455(a) and the long line of cases which interpret the said statute. Thereunder, judges should disqualify themselves not only when their impartiality might be questioned, but also to avoid the very appearance of impropriety. It is important to the integrity of the justice system that the public's confidence in the impartiality of it's judiciary not be eroded by any appearance of bias.*

*WHEREFORE, THE PREMISES CONSIDERED, PLAINTIFF prays this Honorable Court shall conduct a hearing on this motion to receive testimony and other evidence, and, thereafter, enter an appropriate Order which grants this motion and provides for the recusal of Your Honor from any further participation in this proceeding.*

*Respectfully submitted this the 27 day of February, 2007.*

_____
GEORGE E. JONES, III
Ala. Bar I.D. ASB-9546-S82G
Attorney for the Plaintiff

## REQUEST FOR ORAL ARGUMENT AND SCHEDULING ORDER

PLAINTIFF requests oral argument with respect to this motion and requests that this Court establish a schedule for the filing of written briefs prior to oral argument.

_____
OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I have this the __27__ day of February, 2007, served a copy of the foregoing by placing same in the United States Mail, postage prepaid and addressed to:

>Robert D. Segall, Esquire
>COPELAND, FRANCO, SCREWS & GILL, PC
>P. O. Box 347
>Montgomery, Alabama 36101-0347

_____
OF COUNSEL

**ADDRESS OF COUNSEL:**
**GEORGE E. JONES, III**
**ATTORNEY AND COUNSELOR AT LAW**
*711 Alabama Avenue*
*P. O. Box 9*
*Selma, Alabama 36702-0009*
*(334) 874-6617*