IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARROLL W. PUCKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:06-cv-1148-WKN |
| | ) |
| MCPHILLIPS SHINBAUM, LLP; | ) |
| JULIAN MCPHILLIPS; KENNETH | ) |
| SHINBAUM; AND AMELIA STRICKLAND, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO MOTION FOR RECUSAL**

Come now the Defendants in the above-styled case, by and through undersigned counsel, and in response to Plaintiff's Motion to Recuse (Document 11), say as follows:

1. Recusal under the facts alleged in Plaintiff's motion falls within the sound discretion of the Court. In <u>Onishea v. Hopper,</u> 126 F.3d 1323 (11th Cir. 1997), the Eleventh Circuit said:

> Appellants also allege that Judge Varner was obligated to recuse himself under section 455(a) because the fact that his law clerk's father was lead counsel for DOC (a defendant) creates a reasonable question about the judge's impartiality. It is true that a law clerk's involvement in a case and his or her relationship to one of the parties may constitute grounds for the judge's disqualification. See e.g., <u>Parker</u>, 855 F.2d at 1524-25 (recusal was required where judge's clerk was son of senior partner in firm representing party, the father was himself a former law clerk to the judge, the son held a hearing with the parties present but not the judge, and the judge thanked the law clerk in his order for the clerk's extensive work on the case).
>
> Law clerk conflicts, however, are not necessarily judicial conflicts, and we conclude that Judge Varner did not abuse his discretion in denying disqualification on this ground. The court stated unequivocally in his order that the clerk had no involvement in this case, and the clerk's father submitted an affidavit representing that he instructed his son not to take any action with respect to the suit.

>These averments satisfy us that disqualification was not required. See Parker, 855 F.2d at 1525 (recusal 'might have been avoided if (the judge) would have taken steps to isolate (the clerk from this case'); Hunt v. American Bank & Trust Co., 783 F.2d 1011, 1015-16 (11th Cir. 1986)("If a clerk has a possible conflict of interest, it is the clerk, not the judge, who must be disqualified.')
>126 F.3d at 1340-41.

2. Based on the facts set out in the Motion to Recuse, this case does not require disqualification, but rather only the isolation of the law clerk from the case. See also, United States v. DeTemple, 162 F.3d 279 (4th Cir. 1998); In re Nazi Era Cases Against German Defendants Litigation, 153 Fed.Appx. 819 (3d Cir. 2005); Turner v. Pleasant, 127 Fed.Appx. 140 (5th Cir. 2005).

3. Defendants are satisfied to leave the exercise of the Court's discretion to the Court and will be satisfied with whatever decision is reached by the Court.

Dated this 12th day of March, 2007.

Respectfully submitted,

s/Robert D. Segall
Robert D. Segall (SEG003)
Shannon L. Holliday (HOL088)

*Attorneys for Defendants*

Copeland Franco Screws & Gill, P.A.
Post Office Box 347
Montgomery AL 36101-0347
Phone: 334-834-1180
Fax: 334-834-3172
email: segall@copelandfranco.com
email: holliday@copelandfranco.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 12, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by U.S. Postal Service the document to the following

>George E. Jones, III, Esq.
>711 Alabama Avenue
>Selma, AL 36701
>Phone: 334-874-6618

                    s/Robert D. Segall
                    Of Counsel