IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARROLL W. PUCKETT | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:06-cv-1148-WKW |
| | ) | |
| MCPHILLIPS SHINBAUM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This case is before the court on the plaintiff's Motion for Recusal (Doc. # 11). Plaintiff requests the undersigned to recuse himself from this case due to the fact that the undersigned employs as a law clerk the son of defense counsel.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceedings in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal under these circumstances falls within the discretion of the court. *See Loranger v. Stierham*, 10 F.3d 776, 779 (11th Cir. 1994). Although the law clerk clearly has a conflict in this case, law clerk conflicts are not necessarily judicial conflicts. *See Onishea v. Hopper*, 126 F.3d 1323, 1341 (11th Cir. 1997), *reh'g en banc granted and opinion vacated* 133 F.3d 1377 (11th Cir. 1998), *holding reinstated in pertinent part* 171 F.3d 1289, 1305 n.21 (11th Cir. 1999). This is especially so where, as here, the law clerk has had no involvement in the case. *Id.* Furthermore, the undersigned has taken steps to isolate not only the law clerk at issue, but also all law clerks from those cases in which they have conflicts of this nature. *See Parker v. Connors Steel Co.*, 855 F.2d 1510, 1525 (11th Cir. 1988).

Nevertheless, to avoid any appearance of impropriety, it is ORDERED that the motion (Doc. # 11) is GRANTED. The Clerk of Court is DIRECTED to reassign this case to another district judge.

DONE this 26th day of March, 2007.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE