IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARROLL W. PUCKETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO.: ) 2:06-cv-1148-ID |
| MCPHILLIPS SHINBAUM, et al. | ) ) |
| Defendants. | ) |

**MOTION TO STRIKE AFFIDAVIT OF PAUL PUCKETT, OR IN THE ALTERNATIVE, MOTION TO RECONSIDER ORDER GRANTING LEAVE OF COURT TO FILE ADDITIONAL COUNTER-AFFIDAVIT**

COME NOW Defendants in the above-styled case and move this Honorable Court to strike the affidavit of Paul Puckett or to reconsider its order granting leave of court to file the additional counter-affidavit of Paul Puckett. Most importantly, all of the allegations set out in the Paul Puckett affidavit, with the exception, perhaps some of those made in Paragraph twelve, were solely responsive to affidavits filed in support of the Motion for Summary Judgment and should have, and could have, been filed at that time. Plaintiff does not even attempt to make an excuse for failing to file the affidavit in a timely manner.

Secondly, even if Paul Puckett's affidavit had been timely filed, to the extent that it creates disputes of fact, they are not material. Thus, there is no injury to Mr. Puckett in striking the affidavit. Rather, the injury in permitting it is solely to the Defendants because its existence tends to create an appearance that there is a genuine issue of material fact, which is not the case.

Each of the factual allegations of the affidavit are dealt with in turn below.

Paragraphs one and two do not make specific factual allegations relevant to the lawsuit but are introductory in nature.

Paragraph three states that Paul has knowledge of others who were late with their case lists. Any mention of Puckett's case list in McPhillips' affidavit was never made the basis for any argument in support of the Motion for Summary Judgment and, thus, any dispute regarding the same is immaterial.

Paragraph four states that Allison Highley was hired initially for only one year and as a paralegal. This is not contested, and Paul does not attempt to contest the fact set out in the Defendants' earlier briefs that it was decided before Carroll's termination that Highley would act as an attorney in the office and take the bar exam which she was expected to, and did, pass. Nor can he contest that she had passed the bar in another state even at the time of hire. Thus, at the time of Carroll Puckett's termination (and indeed even before) she was not similarly situated.

Paragraph five states that Elizabeth Spear was trained by Carroll. Again this is an irrelevant issue. The Defendants' briefs made it clear that Spear was differently situated because she was an attorney who had passed the bar and, thus, was qualified to handle cases on her own, regardless of who trained her. Thus, she was simply not similarly situated.

Paragraph six states that Paul was approached by Julian and Amy to ask if he could get Carroll to retire. Again, as noted in the Defendants' reply brief, it is not age discrimination or harassment on the basis of age to discuss an employee's retirement with a third party.

Paragraph seven states that Paul believed that the pulling of Carroll's cases was just a method of termination. However, that is immaterial. Every employer, as noted in the

Defendants' earlier briefs, has the right to re-assign work in any way that it pleases. The employer also has the right to terminate an employee and reassign that employee's work prior to termination. This allegation alone does not suggest that there was anything unlawful occurring. That would be the equivalent of saying that the fact that someone was terminated was evidence, in and of itself, of discrimination.

Paragraph eight states that McPhillips praised Carroll. Carroll's performance was never made an issue in the briefs filed by Defendants in support of summary judgment, and, thus, this issue is immaterial. Moreover, it does not go to whether Carroll can show he has made out a prima facie case of discrimination by showing that anyone else was similarly situated.

Paragraph nine states that Sim Pettway was asked to leave. If that were true, that actually completely supports the position Defendants have taken, i.e., that the firm was down-sizing drastically and aggressively over this period.

Paragraph ten talks about the wallpaper in Carroll's office not being replaced by insurance money. It is unclear how this is the basis for any claim related to termination when Mr. Puckett has failed to make a prima facie case of discrimination of any kind. With respect to his hostile work environment-type claims, he has failed to show that the decision not to replace the wall-coverings is related in any way to a protected characteristic. Moreover, it is just redundant of what was in earlier affidavits.

Paragraph eleven discusses the removal of the name-plate on his door. Again, as with the wall-covering, the introduction of a dispute of fact as to whether Carroll Puckett's name was on any other door is immaterial as to whether he has made out any prima facie case of discrimination and is not relevant to any hostile environment claim because he cannot show, and

has not shown, that the decision was related in any way to age, gender or national origin.

Paragraph twelve should be stricken because the numbers cited therein are based on actual documents that were not provided. Rule 56(e), Fed. R.Civ. P., states that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Moreover, even if true and admissible for purposes of summary judgment, paragraph twelve of Paul's affidavit goes only to whether the reason given for the termination was pretextual. If, as is the case and as is uncontested, Carroll Puckett has failed to make out a prima facie case of discrimination because he has failed to show he is similarly situated to anyone who was treated differently, the Court need never reach the issue of pretext.

In addition, Paul Puckett's affidavit does not contest the fact that many individual employees were let go during the period in question and that none, except Julian McPhillip's own secretary, have, even to this date, ever been replaced.

WHEREFORE, Defendants respectfully move that Paul Puckett's affidavit be stricken or, in the alternative, that this Court reconsider and rescind its Order permitting the untimely filing of the same.

Respectfully submitted,

s/Shannon L. Holliday
Robert D. Segall  (SEG003)
Shannon L. Holliday (HOL088)
COPELAND, FRANCO, SCREWS & GILL, P.A.
444 South Perry Street (36104)
P.O. Box 347
Montgomery, AL 36101-0347
Telephone: 334-834-1180
Fax: 334-834-3172
Email: holliday@copelandfranco.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **George E. Jones, III**
  slick481957@yahoo.com

                                              s/Shannon L. Holliday
                                              Of Counsel