IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARROLL W. PUCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 2:06-cv-1148-ID |
| MCPHILLIPS SHINBAUM, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER**[1]

COME NOW Defendants in the above-styled lawsuit and file the following answer and affirmative defenses:

1. Denied that Puckett is entitled to any relief.

2. Admitted that Puckett filed a complaint with the EEOC.

3. Denied that any unlawful employment practice was committed.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

---

[1] Many of the paragraphs to which Defendants provide an answer are no longer relevant to the two claims which remain pending in the lawsuit after the Court's ruling on summary judgment. However, where the allegations are not delineated by claim, Defendants have, in an abundance of caution, responded to all factual allegations asserted. In doing so, however, Defendants do not intend to indicate that any of the factual allegations answered are relevant to the claims that remain in this case after the Court's ruling on summary judgment.

9. Denied that Puckett was discriminated against by Defendants.

10. Admitted that Puckett was an employee of the law firm of McPhillips Shinbaum LLP, and that he has worked for a law firm in which McPhillips was a lawyer since 1979. Remainder of paragraph denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Admitted that Puckett had the medical problems alleged but denied that changes in his employment began in connection therewith.

22. Admitted that Puckett was diagnosed with prostate cancer.

23. Admitted that cases were, from time to time, assigned to other personnel in the office. The remainder of the paragraph is denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied, and denied that Plaintiff is entitled to any relief.

29-46. These Counts have been dismissed pursuant to Rule 56 on summary judgment and need not be answered here.

47. See responses to paragraphs 1-28.

48. Denied.

49. This Count was dismissed pursuant to Rule 56 on summary judgment and need not be answered here.

Denied that Plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSES**[2]

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. Defendant pleads the general issue.

3. Defendant specifically denies any act of fraud.

4. The claims asserted by the Plaintiff are barred by waiver, res judicata, collateral estoppel, estoppel, fraud, license, payment, discharge in bankruptcy, assumption of risk and/or contributory negligence.

5. The claims of the Plaintiff are barred by accord and satisfaction.

6. The claims of the Plaintiff are barred by release.

7. Defendant complied with all applicable laws, regulations and guidelines.

---

[2]While these answers refer to Defendant in the singular, each and every defense is intended to, and hereby does, apply to all remaining Defendants in this action, to the extent that multiple defendants do remain as to any count.

    8.     Plaintiff's claims are barred by the equitable doctrine of estoppel.

    9.     Plaintiff has released and/or waived any and all claims.

    10.    Plaintiff's claims fail for failure of consideration.

    11.    The alleged injury to the Plaintiff, if any, was caused by a cause other than the conduct of this Defendant.

    12.    Each claim is barred, in whole or in part, because of Plaintiff's failure to mitigate damages.

    13.    Plaintiff's suit is barred by laches.

    14.    Should Defendant be held liable to the Plaintiff, which liability is specifically denied, Defendant would be entitled to a set off for the total of all amounts paid to the Plaintiff from all collateral sources.

    15.    Defendant denies that it is liable for any punitive and/or exemplary damages in this case. Any award of punitive damages to the Plaintiff in this case would violate the constitutional safeguards provided to this Defendant under the Alabama Constitution and the United States Constitution. Any award of punitive damages to the Plaintiff in this case would be arbitrary, unreasonable, excessive and a violation of this Defendant's right to due process of law under the Fourteenth Amendment to the United States Constitution and the Alabama Constitution.

Any award of punitive damages in this case would be violative of this Defendant's procedural and substantive due process rights because there are insufficient circumstances in this case to support the reasonableness of an award of punitive damages and there are inadequate legal and procedural constraints imposed on the fact finder's discretion to impose such awards.

The standard for punitive damages in Alabama lacks sufficiently objective criteria and procedural safeguards to give a jury adequate criteria or an appropriate range of proportionality regarding punitive damages.

Post-trial procedures and standards in a trial court for scrutinizing punitive damages awards and standards for appellate review of punitive damages awards in Alabama are insufficient, and therefore violate this Defendant's right to due process of law.  Moreover, it would be violative of Defendants' rights guaranteed by the United States Constitution and the Alabama Constitution to impose punitive damages against this Defendant, which are penal in nature, by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.  In the alternative, entitlement to such damages should be proved by a "clear and convincing" standard of proof, in view of insufficient substantive and procedural protections under Alabama law regarding punitive damages.

16. The Plaintiff's complaint seeks to make this Defendant liable for punitive damages.  This Defendant adopts by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in <u>BMW of North America. Inc. v. Gore,</u> 116 S. Ct. 1589 (May 20, 1996).

17. All allegations contained in the Complaint not heretofore specifically admitted, denied, or explained are here and now denied.

18. Defendant pleads insufficiency of process and/or insufficiency of service of process.

19. Defendant pleads § 6-11-21 of the <u>Code of Alabama</u>.

20. Plaintiff is not due to recover against Defendant because the damages suffered by plaintiff, if any, were not proximately caused by Defendant.

21. Plaintiff's claims against Defendant fail because Defendant has not breached any duty owed to Plaintiff.

22. Plaintiff claims against Defendant fail because Plaintiff has not suffered any damages.

23. Defendant pleads discharge in bankruptcy,

24. Defendant pleads the "bona fide occupational qualification" defense.

25. Defendant pleads the "reasonable factors other than age" defense

26. Defendant pleads the "bona fide seniority system" defense

27. Defendant pleads "bona fide employee benefit plan" defense.

28. Defendant pleads the "discharge for good cause" defense.

29. While absolutely denying any improper motive, Defendant pleads the mixed-motive defense, in the alternative.

30. Defendant pleads fraud and illegality.

31. Defendant pleads voluntary payment.

32. Defendant pleads set-off.

33. Defendant pleads statute of limitations.

34. Defendant pleads waiver, and any other matter constituting an avoidance or affirmative defense.

35. Defendant pleads failure to exhaust administrative remedies

36. Defendant pleads statute of frauds.

37. Defendant pleads the rule of repose.

38. This Court lacks jurisdiction over Plaintiff's claims or some of them.

38. Defendant reserves the right to interpose further defenses to which it may be entitled as revealed by further proceedings.

          Respectfully submitted,

          s/Shannon L. Holliday
          Robert D. Segall  (SEG003)
          Shannon L. Holliday (HOL088)
          COPELAND, FRANCO, SCREWS & GILL, P.A.
          444 South Perry Street (36104)
          P.O. Box 347
          Montgomery, AL 36101-0347
          Telephone: 334-834-1180
          Fax: 334-834-3172
          Email: holliday@copelandfranco.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8th, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent notification of such filing via U.S. mail to the following::

George E. Jones, III
P.O. Box 381
Selma, AL 36702-0381

          s/Shannon L. Holliday
          Of Counsel